**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **PAUL EUGENE BAILEY, # 171480,** | * |
| Petitioner, | * |
| vs. | * CIVIL ACTION NO. 20-00318-KD-B |
| **KENNETH PETERS,** | * |
| Respondent. | * |

## REPORT AND RECOMMENDATION

Paul Eugene Bailey, an Alabama state inmate in the custody of Respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. (Doc. 1). This action has been referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1), S.D. Ala. GenLR 72(a)(2)(R), and Rule 8(b) of the Rules Governing Section 2254 Cases.[1] Based upon a careful review of Bailey's petition and the Court's records,[2] it is recommended that Bailey's habeas corpus petition be **DISMISSED** as successive under 28 U.S.C. § 2244(b).

---

[1] The record is adequate to determine Bailey's claim; thus, no federal evidentiary hearing is required. See Kelley v. Sec'y for Dep't of Corr., 377 F.3d 1317, 1333-37 (11th Cir. 2004).

[2] The Court takes judicial notice of court documents from Paul Eugene Bailey v. Warden Charlie Jones, No. 1:01-cv-00760-BH-M (S.D. Ala. 2001) and Paul Eugene Bailey v. Leon Forniss, No. 1:11-cv-00335-CG-B (S.D. Ala. 2011), because they are public records that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. See Morton v. Bank of America Corp., 2012 U.S. Dist. LEXIS 127389, at *4 n.4, 2012 WL

**I.  BACKGROUND.**

This is Bailey's third federal habeas petition filed in this Court since his December 13, 1995 convictions for second-degree kidnapping (case number CC-95-716) and first-degree robbery (case number CC-95-717) in the Circuit Court of Mobile County, Alabama. On January 18, 1996, the trial court sentenced Bailey, as a habitual offender, to life imprisonment without the possibility of parole for the first-degree robbery conviction and to life in prison for the second-degree kidnapping conviction.

Bailey's convictions and sentences were affirmed on direct appeal. After filing several unsuccessful Rule 32 petitions in state court, Bailey filed his first federal habeas petition in this Court on October 19, 2001.[3] Eugene Bailey v. Warden Charlie Jones, No. 1:01-cv-00760-BH-M (S.D. Ala. 2001) ("Bailey I"), ECF

---

3901749, at *2 n.4 ("Pursuant to Rule 201(b) of the Federal Rules of Evidence, a court has the discretion to *sua sponte* take judicial notice of certain facts, including court documents from a prior proceeding."); Horne v. Potter, 392 F. App'x 800, 802 (11th Cir. 2010) (per curiam) ("The district court properly took judicial notice of the documents in Horne's first case, which were public records that were 'not subject to reasonable dispute' because they were 'capable of accurate and ready determination by resort to sources whose accuracy could not reasonably be questioned.'" (quoting Fed. R. Evid. 201(b)).

[3] Under the mailbox rule, a prisoner's petition is deemed filed on the date it is delivered to prison officials for mailing. See Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (per curiam). Absent evidence to the contrary, that date is presumed to be the date on which the prisoner signed the motion. See id.

No. 1. While Bailey's first federal habeas petition was pending, the Alabama Court of Criminal Appeals remanded his case and directed the circuit court to vacate his conviction and sentence for second-degree kidnapping. See Bailey v. Alabama, 848 So. 2d 274 (Ala. Crim. App. 2002); Bailey I, ECF. No. 43 at 3. On remand, the circuit court, on January 30, 2003, vacated Bailey's second-degree kidnapping conviction and sentence and dismissed the indictment charging first-degree kidnapping. See Paul Eugene Bailey v. Leon Forniss, No. 1:11-cv-00335-CG-B (S.D. Ala. 2011) ("Bailey II"), ECF No. 11-7. Subsequent thereto, this Court dismissed Bailey's first federal habeas petition after finding that his claims challenging his conviction and sentence for first-degree robbery[4] were procedurally barred. See Bailey I, ECF No. 43, 46, 47.

Thereafter, Bailey petitioned the state circuit court to modify his first-degree robbery sentence. On May 1, 2008, Bailey's motion was granted, and his sentence was modified from life without parole to life imprisonment. Bailey II, ECF No. 11-5 at 9-10; see (Doc. 1 at 2).

On June 20, 2011, Bailey filed his second federal § 2254 habeas petition in this Court, asserting two errors by the trial

---

[4] Because Bailey's conviction and sentence for second-degree kidnapping had been ordered to be vacated, this Court only considered Bailey's claims related to the first-degree robbery conviction. See Bailey I, ECF No. 43 at 3.

3

court and a claim of actual innocence. Bailey II, ECF No. 1. The Respondent answered the petition and asserted that it should be dismissed as successive. Id., ECF No. 11. However, the Court determined that Bailey's new sentence rendered on May 1, 2008 resulted in a new judgment, and that Bailey's 2011 petition was his first federal challenge to that judgment. Therefore, his second federal habeas petition was not subject to dismissal as a "second or successive" petition. Id., ECF No. 37, 44. Notwithstanding, the Court determined that Bailey's second federal habeas petition was time-barred and, on September 11, 2014, dismissed it pursuant to 28 U.S.C. § 2244(d). Id., ECF No. 37, 44, 45.

On June 5, 2020, Bailey filed the instant petition, his third federal habeas petition pursuant to 28 U.S.C. § 2254. (Doc. 1). Bailey asserts the following claims relating to his December 13, 1995 conviction for first-degree robbery in Mobile County Circuit Court and the resulting sentence: (1) the trial court did not have jurisdiction to render judgment or impose sentence against him because he was never arraigned; (2) the trial court improperly amended the indictment and did not charge all of the elements of the offense; (3) the trial court provided the jury with the wrong verdict form for the special plea of not guilty by mental disease or defect; (4) he was illegally sentenced as a habitual felony offender; and (5) he was deprived of his constitutional right to

4

be adequately informed of the charges against him. (Id. at 1, 6-8; Doc. 1-1 at 2, 8). For the reasons set forth below, the Court finds that Bailey's instant § 2254 habeas petition is due to be dismissed as a successive petition pursuant to 28 U.S.C. § 2244(b).

## II. **DISCUSSION**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a prisoner "in custody pursuant to the judgment of a State court," 28 U.S.C. § 2254(a), "shall move in the appropriate court of appeals for an order authorizing the district court to consider" a "second or successive" federal habeas petition. 28 U.S.C. § 2244(b)(3)(A); Burton v. Stewart, 549 U.S. 147, 152 (2007); see also Rule 9 of the Rules Governing Section 2254 Cases ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4).").

The AEDPA does not define the phrase "second or successive." Magwood v. Patterson, 561 U.S. 320, 331 (2010). However, based on the AEDPA's language and context, the Supreme Court has concluded that courts must look to the *judgment* challenged to determine whether a petition is second or successive. See id. at 332; Insignares v. Sec'y, Fla. Dep't of Corr., 755 F.3d 1273, 1279 (11th Cir. 2014) (per curiam) ("[T]he judgment is the center of the analysis, "both § 2254(b)'s text and the relief it provides

indicate that the phrase 'second or successive' must be interpreted with respect to the judgment challenged.'" (quoting Magwood, 561 U.S. at 332-33)).

This Court's records reflect that Bailey has twice previously filed habeas corpus petitions pursuant to the provisions of 28 U.S.C. § 2254. Both prior petitions sought to challenge the same December 13, 1995 conviction for first-degree robbery in Mobile County Circuit Court case number CC-95-717 that Bailey seeks to challenge in the instant petition. As noted *supra,* Bailey's petition in Bailey I was dismissed as procedurally barred, and subsequent thereto the state circuit court, on May 1, 2008, modified Bailey's first-degree robbery sentence. In Bailey II, this Court determined that Bailey's modified sentence, rendered on May 1, 2008, resulted in a new judgment; thus, Bailey's second federal habeas petition did not violate the AEDPA's restrictions on second or successive petitions.[5] However, Bailey's second

---

[5] In so ruling, the Court noted the Eleventh Circuit's holding in Insignares v. Sec'y, Fla. Dep't of Corr., 755 F.3d 1273, 1278 (11th Cir. 2014) (per curiam), that a subsequent habeas petition challenging a state prisoner's undisturbed conviction after an intervening resentencing was not a "second or successive" petition under the AEDPA because it was the first petition to challenge the new judgment that resulted from the resentencing. Id. at 1281. The Eleventh Circuit emphasized that "courts must look to the *judgment* challenged to determine whether a habeas petition is second or successive," and that "there is only one judgment, and it is comprised of both the sentence and the conviction." Id at 1278, 1281 (emphasis in original); see also Ferreira v. Sec'y, Dep't of Corr., 494 F.3d 1286, 1292 (11th Cir. 2007) ("[T]he judgment to which AEDPA refers is the underlying conviction and

6

petition was dismissed as time-barred pursuant to 28 U.S.C. § 2244(d).

In the instant action, Bailey is attempting to challenge the same conviction for first-degree robbery and the same sentence, as modified on May 1, 2008, that he challenged in Bailey II. Because Bailey's petition challenging that judgment was dismissed as time-barred in Bailey II, any later habeas corpus petitions seeking to attack the same judgment are second or successive under § 2244(b). See Candelario v. Warden, 592 F. App'x 784, 785 n.1 (11th Cir. 2014) (per curiam) ("[A] second petition is successive if the first was denied or dismissed with prejudice, and a dismissal for untimeliness is with prejudice.") (internal citations omitted); Jordan v. Sec'y, Dep't of Corr., 485 F.3d 1351, 1353 (11th Cir. 2007); Murray v. Greiner, 394 F.3d 78, 81 (2d Cir. 2005) ("We hold that dismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b)."); Altman v. Benik, 337 F.3d 764, 766 (7th Cir. 2003) (per curiam) (holding that a prior untimely § 2254 petition counts as a first petition "because a statute of limitations bar is not a curable technical or procedural deficiency but rather operates

---

most recent sentence that authorizes the petitioner's current detention.")

7

as an irremediable defect barring consideration of the petitioner's substantive claims").

Based on the foregoing, the Court finds that Bailey's instant petition is a second or successive petition for the purposes of § 2244(b). Because Bailey does not allege, and the record does not establish, that he sought and obtained permission from the Eleventh Circuit Court of Appeals before filing the instant second or successive petition, his petition is due to be dismissed. "Section 2244(b)(3)(A) requires a district court to dismiss for lack of jurisdiction a second or successive petition for a writ of habeas corpus unless the petitioner has obtained an order [from the appropriate court of appeals] authorizing the district court to consider it." Tompkins v. Sec'y, Dep't of Corr., 557 F.3d 1257, 1259 (11th Cir. 2009) (per curiam); see also Allen v. United States, 2012 U.S. Dist. LEXIS 73734, at *2, 2012 WL 1946246, at *1 (S.D. Ala. April 6, 2012) ("The Petitioner must seek and obtain this certification '*[b]efore* a second or successive application . . . is filed in the district court.'" (emphasis in original) (quoting 28 U.S.C. § 2244(b)(3)(A))), report and recommendation adopted, 2012 U.S. Dist. LEXIS 73736, 2012 WL 1946511 (S.D. Ala. May 29, 2012).

Accordingly, the undersigned recommends that Bailey's present habeas petition be dismissed for lack of jurisdiction pursuant to 28 U.S.C. § 2244(b). See Hill v. Hopper, 112 F.3d 1088, 1089 (11th

Cir. 1997) (per curiam); Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003) (per curiam).

### III. **CERTIFICATE OF APPEALABILITY**

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing 2254 Cases. The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2).

Where, as here, a habeas petition is dismissed on procedural grounds without reaching the merits of any underlying constitutional claim, "a COA should issue [only] when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could

9

debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."'") (quoting Slack, 529 U.S. at 484).

In the instant action, Bailey has not demonstrated that he applied to and received permission from the Eleventh Circuit to file his successive federal habeas petition; thus, this Court is without jurisdiction to consider the instant petition. See Hill, 112 F.3d at 1089. Under the facts of this case, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Bailey should be allowed to proceed further. See Slack, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). Accordingly, the undersigned submits that no reasonable jurist could find it debatable whether Bailey's petition should be dismissed. As a result, Bailey is not entitled to a certificate of appealability and should not be permitted to proceed *in forma pauperis* on appeal.

## IV. <u>CONCLUSION</u>

For the reasons set forth above, the undersigned recommends that Petitioner Paul Eugene Bailey's petition for writ of habeas

corpus, filed pursuant to 28 U.S.C. § 2254, be dismissed for want of jurisdiction due to Bailey's failure to comply with 28 U.S.C. § 2244(b)(3)(A). The undersigned also submits that Bailey is not entitled to a certificate of appealability and is not entitled to proceed *in forma pauperis* on appeal.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made,

11

state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing done by the Magistrate Judge is not specific.

**DONE** this **19th** day of **June, 2020.**

                                      **/s/ SONJA F. BIVINS**
                                  **UNITED STATES MAGISTRATE JUDGE**