# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| PAUL EUGENE BAILEY, | ) |
| Petitioner. | ) |
| vs. | ) Civil Action No. 20-00318-KD-B |
| WARDEN KENNETH PETERS, | ) |
| Respondent, | ) |

## ORDER

This action is before the Court on the "Motion for Fed. R. Civ. P. Rule 60(b)(4) and Form 80 Application for Default Judgment, for relief under Final Judgment (No Indictment)" filed by Petitioner Paul Eugene Bailey (doc. 8). Upon consideration, and for the reasons set forth herein, the motion is DISMISSED for lack of jurisdiction.

Bailey filed a petition pursuant to 28 U.S.C. § 2254 challenging his 1995 conviction and sentence for first degree robbery (doc. 1). Bailey asserted the following claims: (1) the trial court did not have jurisdiction to render judgment or impose sentence against him because he was never arraigned; (2) the trial court improperly amended the indictment and did not charge all of the elements of the offense; (3) the trial court provided the jury with the wrong verdict form for the special plea of not guilty by mental disease or defect; (4) he was illegally sentenced as a habitual felony offender; and (5) he was deprived of his constitutional right to be adequately informed of the charges against him (doc. 1, doc. 4, p. 4-5).

The Magistrate Judge recommended dismissal of the action pursuant to 28 U.S.C. § 2244(b) as a successive habeas petition (doc. 4). The Magistrate Judge found that Bailey was attempting to challenge the same conviction and sentence for first degree robbery that he

challenged in his second § 2254 petition, but he had not sought and obtained permission from the Court of Appeals for the Eleventh Circuit before filing this successive petition, and therefore Bailey' petition was due to be dismissed (Id., p. 7-8). The Report and Recommendation was adopted, judgment was entered, and Bailey's successive petition was dismissed on July 6, 2020 (docs. 6, 7).

Bailey now seeks relief from judgment pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure (doc. 8).[1] Fed. R. Civ. P. 60 provides for relief from a judgment or order. Subparagraph (b)(4) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . (4) the judgment is void". Bailey appears to argue that this Court may relieve him from the 1995 judgment in the Circuit Court of Mobile County, Alabama because he was "convicted and charged without an Indictment to charge Robbery First Degree" (Id.). He alleges that "[i]n the Mobile County Circuit Court no Indictment was ever commenced upon 3-21-95 by the Grand Jury to charge Robbery First Degree or for the jurisdiction to attach for the Circuit Court, from not properly filing." (Id.). He asserts that as "Due Process Grounds" this Court "can take judicial notice of its own records of the void indictment, miscarriage of justice, actual innocence, life liberty denied (illegally) (Due Process Denied)." (Id.).

Bailey does not challenge this Court's decision to dismiss his habeas petition because he failed to obtain authorization from the Court of Appeals for the Eleventh Circuit before filing a second or successive § 2254 petition. 28 U.S.C. § 2244(b)(3)(A); Bailey v. Forniss, Civil Action

---

[1] Bailey also references "Form 80 Application for Default Judgment", which appears to be Form 80, captioned "Default Judgment Entered on Application to Clerk", of the Appendix of Forms to the Alabama Rules of Civil Procedure. Final judgment has been entered and the action is closed. In this procedural posture, there are no defendants as to whom Bailey could seek a default judgment.

No. 11-0335-CG-B (S. D. Ala. 2011). Instead, Bailey asserts grounds in support of the merits of his habeas corpus claim; and therefore, he is making a habeas corpus claim. Williams v. Chatman, 510 F.3d 1290, 1293 (11th Cir. 2007) (" 'When a movant asserts'" grounds for relief under § 2254 in a Rule 60(b) motion " 'he is making a habeas corpus claim.' ") (quoting Gonzalez v. Crosby, 545 U.S. 524, 532 n.4, 125 S. Ct. 2641, 2648 n.4 (2005)).

However, Bailey may not use a Rule 60(b) motion to circumvent the statutory requirement that he first obtain authorization from the Court of Appeals for the Eleventh Circuit before filing a second or successive § 2254 petition. 28 U.S.C. § 2244(b)(3)(A). Gipson v. Secretary, Department of Corrections, 784 Fed. Appx. 683, 684 (11th Cir. 2019) (Because [Gipson] failed to seek authorization from us before filing his successive petition, the district court properly dismissed it.") Accordingly, Bailey's motion is dismissed for lack of jurisdiction because he has not received authorization from the Eleventh Circuit to file a successive habeas petition.

**DONE** and **ORDERED** this 30th day of June 2021.

                                                   /s / Kristi K. DuBose
                                                   **KRISTI K. DuBOSE**
                                                   **CHIEF UNITED STATES DISTRICT JUDGE**